Electronically Filed by Superior Court of California, County of Orange, 09/07/2021 03:44:57 PM.
30-2021-01220161-CU-WM-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:22-cv-00333-KES Document 1-1 Filed 03/02/22 Page 1 of 20 Page ID #:8

1  **CAZZELL & ASSOCIATES, ATTORNEYS**
   **MARYANN CAZZELL, ESQ.** (Bar #128780)
2  505 N. Tustin Ave., Ste. 276
   Santa Ana, California 92705
3  Telephone: 714/558-1772
   Telefax:   714/558-1883
4  cazzell@msn.com

5  Attorneys for Petitioner/Plaintiff PROFESSIONAL
   TOWING, LLC, a California Limited Liability Company,
6  dba ALBERTO'S TOWING

7

8             **SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE**

9                        **CENTRAL JUSTICE CENTER, UNLIMITED**

                                                    **Assigned for All Purposes**
10                                                  Judge Robert J. Moss

11  PROFESSIONAL TOWING, LLC, a California  )  CASE NO.: 30-2021-01220161-CU-WM-CJC
    Limited Liability Company, dba ALBERTO'S )
12  TOWING, LLC,                             )
                                             )
13                                           )
                                             )
14              Petitioner and               )  **PETITION FOR WRIT OF**
                Plaintiff,                   )  **ADMINISTRATIVE**
15                                           )  **MANDATE, TRADITIONAL**
                                             )  **MANDATE, OR OTHER WRIT;**
16  vs.                                      )  **COMPLAINT FOR**
                                             )  **DECLARATORY RELIEF AND**
17                                           )  **TO VOID ACTION TAKEN BY**
                                             )  **DEFENDANTS; AND FOR**
18  THE CITY OF ORANGE; MAYOR MARK A.        )  **DAMAGES PURSUANT TO 42**
    MURPHY; MAYOR *PRO TEM* KIMBERLEE        )  ***U.S.C.* SECTION 1983 *et seq.*;**
19  NICHOLS; COUNCILPERSON CHIP              )  **REQUEST FOR A TRIAL BY**
    MONACO; COUNCILPERSON ARIANNA            )  **JURY FOR ALL MATTERS ON**
20  BARRIOS; COUNCILPERSON JON               )  **WHICH A JURY TRIAL IS**
    DIMITRU; COUNCILPERSON KATHY             )  **AVAILABLE**
21  TAVOULARIS; COUNCILPERSON ANA            )
    GUTIERREZ; and DOES 1 THROUGH 100,       )
22  Inclusive,                               )
                                             )
23                                           )
              Respondents and                )
24            Defendants.                    )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27                                           )
    _____    )
28

ALBERTO'S TOWING v. CITY OF ORANGE          PET. FOR WRIT OF MANDATE/RELATED RELIEF

TO THIS HONORABLE COURT, TO DEFENDANTS THE CITY OF ORANGE; MAYOR MARK A. MURPHY; MAYOR *PRO TEM* KIMBERLEE NICHOLS; COUNCILPERSON CHIP MONACO; COUNCILPERSON ARIANNA BARRIOS; COUNCILPERSON JON DIMITRU; COUNCILPERSON KATHY TAVOULARIS; AND COUNCILPERSON ANA GUTIERREZ; AND TO THEIR COUNSEL; AND TO ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL:

COMES NOW PETITIONER/PLAINTIFF PROFESSIONAL TOWING, LLC, a California Limited Liability Company, dba ALBERTO'S TOWING ("ALBERTO'S TOWING",) and does hereby seek by this PETITION the issuance of a WRIT, and damages and equitable relief pursuant to its COMPLAINT, as follows:

COMMON FACTS:

1. At all times relevant (except as otherwise specifically stated,) ALBERTO'S TOWING was duly licensed by the State of California to operate, in relevant part, as a towing company, with its principal place of business in the City of Orange, County of Orange, State of California, and within the geographical boundaries of this Court.

2. At all times hereinmentioned Respondent/Defendant THE CITY OF ORANGE ("ORANGE") was and is a political subdivision of the State of California and the County of Orange.

3. Respondents/Defendants ORANGE MAYOR MARK A. MURPHY, MAYOR *PRO TEM* KIMBERLEE NICHOLS, COUNCILPERSON CHIP MONACO, COUNCILPERSON ARIANNA BARRIOS, COUNCILPERSON JON DIMITRU, COUNCILPERSON KATHY TAVOULARIS, AND COUNCILPERSON ANA GUTIERREZ

(collectively, the "COUNCILPERSONS") were those City Mayors and Councilpersons who were present and sitting in their official capacities at the ORANGE City Council meetings (including but not limited to that ORANGE City Council meeting which was held on June 8, 2021,) related to the award of the ORANGE Contracts for "**Towing and Storage Services**" allegedly awarded pursuant to the **REQUEST FOR PROPOSAL NO. 20-21.39** ("RFP") issued on March 4, 2021.

      4. ALBERTO'S TOWING is unaware of the exact names and capacities of those Respondents or Defendants named herein as "DOES 1 THROUGH 100" and therefore sues these Respondents/Defendants by such fictitious names. ALBERTO'S TOWING will seek leave to amend this PETITION/COMPLAINT to add the names and capacities of the fictitiously-named Respondents and Defendants once same have been ascertained. ALBERTO'S TOWING is informed and believes and based thereon alleges that each of these fictitiously-named Respondents/Defendants was or is in some manner responsible for the acts and omissions of ORANGE and the COUNCILPERSONS alleged herein, and that the injury and damage resulting to ALBERTO'S TOWING as alleged herein were proximately caused by their conduct. ALBERTO'S TOWING is further informed and believes and based thereon alleges that, unless the context of the allegations would otherwise dictate, at all times hereinmentioned each of these fictitiously-named Respondents/Defendants was acting as the agent, representative, or employee of ORANGE, the COUNCILPERSONS, and/or the other fictitiously-named Respondents/Defendants, and was acting within the course and scope of each said Respondent's/Defendant's agency, representation, or employment with them; and that ORANGE, the COUNCILPERSONS, and/or the other fictitiously-named Respondents/Defendants consented to, ratified, or adopted such acts and omissions.

      5. The amount in controversy exceeds the sum of $25,000.

<u>FIRST CAUSE OF ACTION, FOR ISSUANCE OF A WRIT OF</u>
<u>ADMINISTRATIVE MANDATE, AS AGAINST</u>
<u>RESPONDENTS ORANGE, THE COUNCILPERSONS,</u>
<u>AND DOES 1 THROUGH 25, INCLUSIVE..</u>

6. ALBERTO'S TOWING repeats and realleges each allegations of the COMMON FACTS as though set forth at length hereat.

7. On or about March 4, 2021, ORANGE and DOES 1 through 25, Inclusive issued the RFP (or caused it to be issued,) soliciting proposals from qualified consulting firms to perform towing and storage services on behalf of ORANGE. ALBERTO'S TOWING was qualified to submit a proposal in response to the RFP, and timely submitted a proposal in response to the RFP on April 1, 2021, which proposal was accepted by ORANGE as to form.

8. ALBERTO'S TOWING is informed and believes and based thereon alleges that its RFP proposal was complete and provided ample evidence that ALBERTO'S TOWING had met all of the criteria of the RFP and was fully-qualified to operate under the ORANGE towing contract (and to the extent that there was any criteria to which it did not absolutely comply to the letter, such non-compliance was of an extremely minor nature that could have been corrected in a matter of minutes, and/or as to which the minor compliance was due to the inaction or sluggish responses of governmental agencies due to the COVID-19 lockdowns and shutdowns, and beyond the control of ALBERTO'S TOWING.) ALBERTO'S TOWING is informed and believes and based thereon alleges that three other towing companies submitted proposals in response to the RFP, each of which already held an ORANGE towing contract. Those other companies included ARCHIE'S TOWING, TRUXYZ, INC., doing business as TOWS R RUSS, and SOUTHSIDE TOWING AND STORAGE SERVICES. These

three other towing companies are sometimes hereafter collectively referred to as the "THREE INCUMBENTS."

9. Thereafter while the four RFP Proposals were being reviewed, Officers from the ORANGE Police Department, including but not limited to the existing Sargeant and the incoming Sargeant, and DOES 1 through 10, Inclusive, inspected ALBERTO'S TOWING's equipment, facilities, and storage yard for the stated purpose of seeing whether they were compliant with the RFP requirements. ALBERTO'S TOWING is informed and believes and based thereon alleges that although its equipment, facilities, and storage yard complied with all of the substantial requirements of the RFP, and were in fact superior (in some cases, far superior) to the equipment, facilities, and/or storage yards of the THREE INCUMBENTS, the ORANGE Sargeant, the incoming Sargeant, and DOES 1 through 10, Inclusive made comments to the effect that ALBERTO'S TOWING might not qualify to receive an RFP Contract, based upon requirements or criteria that were either *false, or that were not even included among the criteria of the RFP*.

10. ALBERTO'S TOWING is informed and believes and based thereon alleges that one, two, or all three of the THREE INCUMBENTS did not meet many of the substantial requirements of the RFP (or the new "requirements" unilaterally added by the ORANGE Sargeant, the incoming Sargeant, and/or DOES 1 through 25, Inclusive,) which requirements included without limitation, the requirement of the ability to store one hundred vehicles, and the number of qualified vehicles.

11. In or about the last days of May, 2021, ALBERTO'S TOWING's principal ALBERTO CASTELLANOS ("CASTELLANOS") learned indirectly that the THREE INCUMBENTS had received letters from ORANGE or its authorized agents, generally congratulating them and advising them that they had been the successful

proposers under the RFP and were being awarded a Contract thereunder. CASTELLANOS, knowing that ALBERTO'S TOWING had met all of the criteria of the RFP, and had superior qualifications over at least one or two of the THREE INCUMBENTS, waited for ALBERTO'S TOWING to receive a congratulatory letter in the mail, also advising that ALBERTO'S TOWING had likewise submitted a successful proposal and also would be awarded a Contract by ORANGE. ALBERTO'S TOWING never received any letter from ORANGE in the mail (or by any other means) to that effect, but nor did it receive any letter advising that it was *not* being awarded such a contract. Despite not being notified by ORANGE that ALBERTO'S TOWING would be awarded a Contract (or would *not* be awarded a contract,) ultimately as time passed CASTELLANOS realized that ORANGE was not awarding ALBERTO'S TOWING a Contract. To date, ORANGE has never provided ALBERTO'S TOWING with any written communication as to ORANGE's denial of ALBERTO'S TOWING's Proposal.

12. As a direct and proximate result of CASTELLANOS' knowledge as of the end of May 2021 that *the RFP Contracts had already been awarded to the THREE INCUMBENTS*, to the exclusion of ALBERTO'S TOWING, CASTELLANOS and ALBERTO'S TOWING did not make any attempt to check the ORANGE City Council meeting Agendas to see whether the RFP award would come on for hearing in the future.

13. ALBERTO'S TOWING learned in the latter part of August, 2021, that ORANGE and the COUNCILPERSONS did purport to have a hearing on the award of the Contract pursuant to the RFP, on June 8, 2021. The Minutes of the June 8, 2021 ORANGE City Council meeting reflect that the matter had been designated as AGENDA ITEM #3.14, placed on the "Consent Calendar," and unanimously approved by the COUNCILPERSONS along with many other "Consent Calendar" hearings. Had ALBERTO'S TOWING or CASTELLANOS known that the matter was set to be heard on June 8, 2021, CASTELLANOS (and/or his representative) would have appeared at the

City Council meeting, asked to have Agenda Item #3.14 removed from the Consent Calendar, and presented ample evidence as to why ALBERTO'S TOWING should have been awarded a Contract pursuant to the RFP, either in the Public Comments session of the City Council Meeting; or under any allowed hearing on Agenda Item matter.  Thus the wrongful, illegal, unconstitutional, and procedurally-improper acts and omissions of ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive as alleged herein deprived ALBERTO'S TOWING of its opportunity to be heard as to the award of the RFP Contract it sought, all to its damage in an amount and nature according to proof.

14. ALBERTO'S TOWING is informed and believes and based thereon alleges that the acts and omissions undertaken by ORANGE, the COUNCILPERSONS, DOES 1 through 25, Inclusive, and the ORANGE Police Sargeant and incoming Sargeant as described herein, were undertaken pursuant to and as a result of ethnic and other biases and prejudice against ALBERTO'S TOWING and/or CASTELLANOS, its principal, and because of unfair and prejudicial favoritism in favor of the THREE INCUMBENTS, all to ALBERTO'S TOWING'S damage as alleged herein.

15. ALBERTO'S TOWING alleges that in the conduct of the subject ORANGE Police Department and City Council RFP proceedings, for all of the reasons above and as alleged hereinbelow, ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive proceeded without, or in excess of, jurisdiction.

16. ALBERTO'S TOWING further alleges that in the conduct of the above-described RFP proceedings, ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive, and each of them, did not conduct or allow for, or preside over, a fair trial.  In addition to the procedural unfairness and impropriety alleged hereinabove and throughout this Petition/Complaint, ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive did not fairly evaluate nor review ALBERTO'S TOWING RFP

Proposal, and did not score it accurately with respect to the actual facts and evidence, especially in comparison to their evaluation and review of the RFP Proposals of the competing THREE INCUMBENTS.  Instead said Respondents/Defendants unfairly evaluated the RFP Proposals of the THREE INCUMBENTS in comparison to that of ALBERTO'S TOWING, and made many mistakes, and errors in judgment, including without limitation those of "adding in" extra requirements never a part of the RFP, as justification for their decision to award Contracts to the THREE INCUMBENTS, and to award no contract to ALBERTO'S TOWING.

17.  In addition, in their conduct of the RFP, ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive prejudicially abused their discretion, in, without limitation, denying a Contract to ALBERTO'S TOWING, a proposer that, on information and belief, was more qualified under the RFP than one or two of the THREE INCUMBENTS.

18.  ALBERTO'S TOWING is informed and believes and based thereon alleges that pursuant to the facts alleged hereinbelow, ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive, violated the rights, privileges, and immunities guaranteed to it under the *United States Constitution,* including without limitation, its right to notice and an opportunity to be heard under the procedural due process clause of the *Fourteenth Amendment* (as well as its substantive due process clause,) and the equal protection clause of the *Fifth Amendment*.  On the basis of such allegations of Constitutional violations, ALBERTO'S TOWING is informed and believes and based thereon alleges that as to the analysis of whether the findings of ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive were not supported by evidence, the appropriate standard of review is by independent judgment.

///

///

19. On these bases ALBERTO'S TOWING hereby respectfully requests the issuance of a WRIT OF ADMINISTRATIVE MANDATE, directing that it be awarded a Contract under the ORANGE Towing and Storage Services RFP, plus damages and other relief.

20. ALBERTO'S TOWING further requests an award of attorney's fees and costs pursuant to *C.C.P.* section 1095, pursuant to *Cal. Govt Code* section 54960.5 and 42 *U.S.C.* section 1988 as alleged hereinbelow, and as otherwise available at law or equity.

21. On September 7, 2021, within ninety (90) days of the June 8, 2021 ORANGE City Council hearing, ALBERTO'S TOWING served a written Demand ("DEMAND") upon ORANGE and the COUNCILPERSONS advising that it would pursue legal action to void their actions in awarding the RFP Contracts to the THREE INCUMBENTS prior to the time that a public hearing even took place on the matter, and demanding that they cure or correct their violation within thirty (30) days. A true and correct copy of the DEMAND is attached hereto as Exhibit "A" and incorporated herein by this reference. This Petition/Complaint will be timely filed pursuant to *C.C.P.* section 1094.6(b) within ninety (90) days of the date of the June 8, 2021 decision of ORANGE and the COUNCILPERSONS.

## SECOND CAUSE OF ACTION, FOR ISSUANCE OF A TRADITIONAL OR OTHER WRIT OF MANDATE, AS AGAINST RESPONDENTS ORANGE, THE COUNCILPERSONS, AND DOES 18 THROUGH 55, INCLUSIVE.

22. ALBERTO'S TOWING repeats and realleges each allegation of the COMMON FACTS and the FIRST CAUSE OF ACTION as though set forth at length hereat.

23. ALBERTO'S TOWING is informed and believes and based thereon alleges that in doing all of the acts and omissions alleged hereinabove, ORANGE, the COUNCILPERSONS, and DOES 18 through 55, Inclusive, and each of them, heard, considered, evaluated, and voted upon the subject RFP Proposals in an unreasonable, arbitrary, and capricious manner, and in violation of *C.C.P.* sections 1085 through 1088, inclusive, with the direct result that ALBERTO'S TOWING has been treated unfairly as alleged throughout this Petition/Complaint, and is thus entitled to an Order compelling ORANGE, the COUNCILPERSONS, and DOES 18 through 55, Inclusive, and each of them, to comply with the directive of a Traditional Writ of Mandate under *C.C.P.* section 1088, or other Writ, issued by this Court.

24. ALBERTO'S TOWING lacks a plain, speedy, and adequate remedy at law.

25. ALBERTO'S TOWING seeks the issuance of a Traditional Writ of Mandate or other available Writ in order to direct ORANGE, the COUNCILPERSONS, and DOES 18 through 55, Inclusive to award ALBERTO'S TOWING the Contract it sought pursuant to its above-described RFP, or to show cause before the Court as to why they have not done so, and for attorney's fees and other relief under *C.C.P.* section 1095, *Cal. Govt Code* section 54960.5, and 42 *U.S.C.* section 1988.

///
///
///
///
///
///
///
///

<u>THIRD CAUSE OF ACTION,</u>

<u>FOR DECLARATORY RELIEF FOR UNCONSTITUTIONAL</u>

<u>APPLICATION OF ORDINANCE, AND TO VOID ACT</u>

<u>TAKEN IN VIOLATION OF THE GENERAL</u>

<u>OPEN MEETING REQUIREMENTS OF THE *BROWN ACT*,</u>

<u>AS AGAINST ALL DEFENDANTS.</u>

26. ALBERTO'S TOWING repeats and realleges each allegations of the COMMON FACTS and the FIRST and SECOND CAUSES OF ACTION as though set forth at length hereat.

27. In doing all of the acts and omissions alleged herein, All Defendants proceeded without or in excess of ORANGE's jurisdiction, because the only authority that they had to act, was that given or ceded to ORANGE pursuant to the *U.S. Constitution* and the *California Constitution*, the relevant provisions of which were ostensibly correctly incorporated into the Orange Municipal Code. As also alleged herein, the acts and omissions of All Defendants directly violated the *U.S. Constitution*, which guarantees certain rights and privileges to ALBERTO'S TOWING that were infringed upon by means of the wrongful and procedurally-unauthorized RFP Proposal evaluation and award process, including without limitation the *Fifth Amendment* protections of equal protection, and the *Fourteenth Amendment's* protection of procedural and substantive due process.

28. Further, ALBERTO'S TOWING contends that the acts and omissions of All Defendants in purporting to for the first time approve, pass, or award RFP Contracts to the THREE INCUMBENTS on or after June 8, 2021, when they or their agents had already awarded such Contracts to the THREE INCUMBENTS prior to the end of May, 2021, without any notice to ALBERTO'S TOWING, and without the

conduct of any public hearing as required under *Cal. Govt Code* sections 54953 and other statutory laws, were unlawful, were in excess of jurisdiction, and are void or voidable.

29. An actual controversy has arisen and now exists by and between ALBERTO'S TOWING, on the one hand, and All Defendants, on the other hand, in that ALBERTO'S TOWING contends that All Defendants have engaged in ongoing acts and omissions that have violated the rights guaranteed to ALBERTO'S TOWING under the *U.S. Constitution,* including but not limited to those promised under the equal protection clause of the *Fifth Amendment*, and the due process clause of the *Fourteenth Amendment*; yet All Defendants deny such contentions.

30. ALBERTO'S TOWING lacks a speedy and adequate remedy at law for this matter, and respectfully requests a declaratory judgment determining that All Defendants violated ALBERTO'S TOWING's constitutional rights in the manner in which they advanced, administered, considered, graded, and awarded the RFP Contracts, and that such violations harmed ALBERTO'S TOWING.  ALBERTO'S TOWING also seeks a decree VOIDING the award of the RFP Contracts to the THREE INCUMBENTS pursuant to *Cal. Govt Code* section 54960.1, an award of damages based upon such violation, and an award or attorney's fees and costs, and other relief, in a manner and in an amount according to proof.

## FOURTH CAUSE OF ACTION, FOR VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 *U.S.C.* SECTIONS 1983 *et seq.*, AS AGAINST DEFENDANTS ORANGE, THE COUNCILPERSONS, AND DOES 50 THROUGH 90, INCLUSIVE

31. ALBERTO'S TOWING repeats and realleges each allegations of the COMMON FACTS and the FIRST, SECOND, and THIRD CAUSES OF ACTION as though set forth at length hereat.

32. ALBERTO'S TOWING is a person within the meaning of 42 *U.S.C.* sections 1983 *et seq.*.

33. At all times hereinmentioned, in doing all of the acts and omissions alleged herein, Defendants ORANGE, the COUNCILPERSONS, and DOES 50 through 90, Inclusive, were acting under color of law (in the form of the ORANGE Municipal Code, the *Constitution of the State of California* from which ORANGE derived its power and authority; and the *United State Constitution*,) which power and authority was extended to, used, and wielded by ORANGE through its COUNCILPERSONS, staff, agents, officers, police officers, managers, and employees.

34. At all times hereinmentioned, as a direct and proximate result of their acts and omissions carried out under color of law, Defendants ORANGE, the COUNCILPERSONS, and DOES 50 through 90, Inclusive, and each of them, subjected, or caused to be subjected, ALBERTO'S TOWING and its principal, citizens of the United States or other persons within the jurisdiction thereof, to be deprived of their rights, privileges, or immunities secured by the *U.S. Constitution,* the *California Constitution,* and other laws, as alleged throughout this Petition/Complaint, all to ALBERTO'S TOWING's and its principal's damage in a manner and in an amount according to proof.

35. ALBERTO'S TOWING claims entitlement to its attorney's fees and costs pursuant to 42 *U.S.C.* section 1988.

///
///
///
///
///

WHEREFORE ALBERTO'S TOWING PRAYS FOR RELIEF AS FOLLOWS:

1. For the issuance of a Writ of Administrative Mandamus, on the grounds that ORANGE, the COUNCILPERSONS, and DOES 1 through 25, Inclusive proceeded without or in excess of their jurisdiction in their acts and omissions pertaining to the issuance and evaluation of the RFP Proposals, and in the conduct and award of the RFP Contracts sometime in May 2021 (but without any public hearing until at least June 8, 2021;) that the RFP process was not "fair," and/or that there was a prejudicial abuse of discretion, and for damages and fees as available under *C.C.P.* section 1095 or other law;

2. For the issuance of a Traditional Writ of Mandate or other Writ, on the basis that ORANGE, the COUNCILPERSONS, and DOES 18 through 55, Inclusive's acts and omissions pertaining to the issuance, evaluation, conduct, and award of the RFP were arbitrary and capricious; and for damages and fees as available under *C.C.P.* section 1095 or other law;

3. For a declaratory judgment, finding and declaring that All Defendants violated ALBERTO'S TOWING's constitutional rights in the manner in which they advanced, administered, considered, graded, and awarded the RFP Contracts, and that such violations harmed ALBERTO'S TOWING. ALBERTO'S TOWING also seeks a decree VOIDING the award of the RFP Contracts to the THREE INCUMBENTS pursuant to *Cal. Govt Code* section 54960.1, an award of damages based upon such violation, and an award or attorney's fees and costs, and other relief, in a manner and an amount according to proof;

///

///

4. For damages pursuant to 42 *U.S.C.* sections 1983 <u>*et seq.*</u>, and for attorney's fees and costs as available under 42 *U.S.C.* sections 1988, or as might otherwise be allowable, for the period from approximately June 1, 2021 through the present, to compensate for the money that ALBERTO'S TOWING would have earned from operating under the Contract from and since that time (as ALBERTO'S TOWING would have done, but-for Defendants' wrongful, unlawful, and unconstitutional acts against ALBERTO'S TOWING as alleged herein,) in an amount according to proof;

5  For reasonable costs of suit herein incurred; and

6  For such other and further relief as may be deemed fair and just.

ALBERTO'S TOWING hereby demands a trial by jury on all legal claims, on the issue of damages, and on all other matters as to which a trial by jury is allowed.

RESPECTFULLY SUBMITTED,

*CAZZELL & ASSOCIATES, ATTORNEYS*

/S/ Maryann Cazzell

DATED: September 7, 2021

By: _____
MARYANN CAZZELL, ESQ.
Attorneys for Petitioner/Plaintiff
PROFESSIONAL TOWING, LLC,
a California Limited Liability Company,
dba ALBERTO'S TOWING

## VERIFICATION

I, ALBERT CASTELLANOS, am the principal of PROFESSIONAL TOWING, LLC, the Petitioner/Plaintiff in the above-entitled action.

I have read the foregoing Petition/Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 7, 2021

_____
ALBERTO CASTELLANOS

# EXHIBIT A

**CAZZELL & ASSOCIATES, ATTORNEYS**
505 N. Tustin Ave., Ste. 276
Santa Ana, CA 92705
(714) 558-1772 tel.
(714) 558-1883 fax.
Cazzell@msn.com

September 7, 2021


TO:  THE CLERK OF THE CITY OF ORANGE,
AND ORANGE CITY COUNCILMEMBERS:
MAYOR MARK A. MURPHY
MAYOR *PRO TEM* KIMBERLEE NICHOLS
CHIP MONACO
ARIANNA BARRIOS
JON DIMITRU
KATHY TAVOULARIS
ANA GUTIERREZ

300 E. Chapman Ave.
Orange, CA 92866      *Sent via U.S. Mail, and also via electronic mail*
                        to walvarez@cityoforange.org


RE:  CLAIM AND DEMAND OF ALBERTO'S TOWING, LLC,
TO VOID PURPORTED AWARD OF CITY OF ORANGE TOWING AND
STORAGE SERVICE CONTRACT (UNDER RFP NO. 21-21.39,) TO
PROPOSERS ARCHIE'S TOWING, TRUXYZ, INC., doing business as
TOWS R RUSS, and SOUTHSIDE TOWING AND STORAGE SERVICES,
to the exclusion of ALBERTO'S TOWING, LLC

Dear Gentlepersons:

Please be advised that this firm represents the interests of ALBERTO'S TOWING, LLC in the above-referenced matter.

My client was one of the four bidders submitting a Proposal for the Towing and Storage Service Contract offered under ORANGE's Request for Proposal No. 20-21.39 ("RFP") issued on March 4, 2021 ("Contract.") While my client submitted a fully-compliant proposal, it was not awarded a Contract, although the other three bidders (coincidentally, the incumbents,)

1

all were awarded a Contract.  This is so even though my client met all of the criteria of the RFP and was as qualified, if not more, than some of the incumbents who were awarded a Contract.

But that aside, I am presenting this DEMAND because the "award" of the Contract was unlawful and unauthorized.  The RFP was issued by the City of Orange.  The City of Orange was the entity with the authority to award the Contracts following a public hearing, of which my client would have had notice and be allowed the opportunity to be heard as to the potential award of the Contracts.  My client was to have had the opportunity to challenge and argue against the appropriateness and correctness of the recommendations for the awards.

*None of that happened*.  Instead, the City of Orange and/or its authorized agents sent out congratulatory letters to the three incumbents who were awarded Contracts *in late May 2021*, evidencing that the City of Orange had already made its final determination *prior to that time.*  My client had no advance notice, nor any opportunity to be heard on such awards.

Indeed, my client later learned that the City of Orange *had* held a "hearing" on the RFP awards *after the fact,* on June 8, 2021 (the matter, Agenda Item #3.14, had been placed on the Consent Calendar and approved unanimously as part of a group of other hearings.)  By then it was too late, of course, as the award was a *fait accompli*.  And of course after learning this fact, my client did not try (and *there would have been no reason whatsoever for it to have tried,)* to search upcoming City of Orange Agendas for the award hearing after the end of May, 2021, since it was aware that Contracts already had been awarded.

The above-described process used by the City of Orange (and/or perhaps the Orange Police Department?) violated several sections of the *Brown Act* (including but not limited to *Cal. Gov't Code* section 54953.)  It was also unconstitutional because, at a minimum, it deprived my client of the guarantees under the *U.S. Constitution* to procedural due process (under the *Fourteenth Amendment*) and the equal protection of laws (under the *Fifth Amendment*.)

My client will pursue legal action, if necessary, to void the Contract awards under *Cal. Gov't Code* section 54960.1 and other available laws.

Please consider this correspondence to be a legal DEMAND pursuant to *Cal. Gov't Code* section 54960.1 that, within thirty (30) days of this letter, you set aside the Contracts, and re-commence the conduct of the RFP

2

3

evaluation and award process in the manner as required by law, allowing my client due and constitutional notice and an opportunity to be heard.

If you have any questions or require more information, please do not hesitate to contact the undersigned.

Thank you in advance for your prompt attention to this letter, and for your immediate compliance with this DEMAND.

Best,


/S/  Maryann Cazzell

Maryann Cazzell
MC:sc

Cc:  Client

3